Filed 3/22/22  P. v. Gonzalez CA4/2
Opinion following transfer from Supreme Court

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

THE PEOPLE,

    Plaintiff and Respondent,

v.

LUIS ARMANDO GONZALEZ,

    Defendant and Appellant.

E074653

(Super.Ct.No. RIF117693)

OPINION

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Reversed.

Gerald J. Miller, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Michael P. Pulos and Joseph C. Anagnos, Deputy Attorneys General, for Plaintiff and Respondent.

1

## INTRODUCTION

Defendant and appellant Luis Armando Gonzalez appeals from the November 22, 2019 order of the superior court dismissing the petition for resentencing on his 2006 conviction for attempted premeditated murder. (Pen. Code,[1] § 1170.95) In an unpublished decision, we affirmed the order dismissing defendant's petition on the ground that persons convicted of attempted murder were not entitled to relief under section 1170.95. (*People v. Gonzalez* (Mar. 30, 2021, E074653) [nonpub. opn.].)

The Supreme Court granted review on June 9, 2021, and while review was pending, the Legislature enacted, and the Governor signed Senate Bill No. 775 into law. (Stats. 2021, ch. 551, § 2.) Senate Bill No. 775 amended section 1170.95 to clarify, among other things, that persons convicted of attempted murder under the natural and probable consequences doctrine are eligible for resentencing under the statute. (*Id.* at §§ 1-2.)

On December 22, 2021, the Supreme Court transferred the matter back to this court with directions to vacate our opinion and reconsider the cause in light of Senate Bill No. 775. We vacated our opinion and directed the parties to file supplemental briefs addressing the effect of Senate Bill No. 775. However, neither party submitted supplemental briefs.

---

[1] All further statutory references will be to the Penal Code unless otherwise indicated.

We conclude that the 2019 order dismissing defendant's petition must be reversed and the matter remanded with directions to conduct further proceedings under section 1170.95.

PROCEDURAL BACKGROUND

Defendant was charged by amended information with attempted premeditated murder (§§ 664, 187, subd. (a), count 1), robbery (§ 211, count 2), and grand theft of a firearm (§ 487, subd; (d)(2), count 3). As to each count, the information alleged that he participated as a principal, knowing that another principal was armed with a firearm. (§ 12022, subd. (a)(1).)

A jury found defendant guilty on all counts and found the firearm enhancements true. On December 29, 2006, a trial court sentenced him to life in state prison with the possibility of parole on count 1, the low term of three years on count 2, and the midterm of two years on count 3, stayed pursuant to section 654. The court sentenced him to one year on each of the firearm enhancements but stayed the enhancements on counts 1 and 3. Thus, his total sentence was life with the possibility of parole plus four years.

Defendant appealed, and this court reversed the conviction on count 3 but otherwise affirmed the judgment. (*People v. Lopez* (Nov. 24, 2008, E041719) [nonpub. opn.].)

On January 25, 2019, defendant filed a petition for resentencing under section 1170.95, in propria persona, alleging that he was convicted of first or second degree murder pursuant to the felony murder rule or the natural and probable consequences doctrine, and that he could not now be convicted of first or second degree murder because

3

of the amendments to sections 188 and 189. He also requested appointment of counsel. The People moved to strike defendant's petition, arguing that Senate Bill No. 1437 was unconstitutional and that it did not apply to attempted murder. The trial court appointed a public defender to represent defendant, and counsel filed a reply brief arguing that defendant had set forth a prima facie case for relief.

On November 22, 2019, the court held a hearing on the petition. The People argued that the petition should be dismissed because it involved attempted murder. Defense counsel objected. The court stated that *People v. Munoz*[2] was the controlling authority and dismissed the petition.

## DISCUSSION

### Senate Bill No. 1437 Applies to Attempted Murder

Defendant argued in his prior briefing that the court erred in dismissing his petition because Senate Bill No. 1437 is constitutional, and it applies to convictions for both murder and attempted murder. He also contended that his petition alleged a prima facie case for relief. The People did not dispute the constitutionality of Senate Bill No. 1437 but argued in their prior briefing that defendant is ineligible for relief under section 1170.95 since he was not convicted of murder. In light of Senate Bill No. 775, we agree with defendant and conclude the order dismissing his resentencing petition should be reversed.

---

[2] The court was apparently referring to *People v. Munoz* (2019) 39 Cal.App.5th 738 (*Munoz*), review granted November 26, 2019, S258234, and cause transferred to the Court of Appeal, Second Appellate District, Division Three with directions to vacate its decision and reconsider in light of Senate Bill No. 775.

4

A. *Senate Bill No. 1437*

Senate Bill No. 1437 (Stats. 2018, ch. 1015) amended sections 188 and 189, effective January 1, 2019, to eliminate natural and probable consequences liability for murder, and to limit the scope of the felony murder rule. (*People v. Lewis* (2021) 11 Cal.5th 952, 957, 959 (*Lewis*); Stats. 2018, ch. 1015, § 1, subd. (f).) Under sections 188 and 189, as amended, murder liability can no longer be imposed on a person who was not the actual killer, who did not act with the intent to kill, or who was not a major participant in the underlying felony who acted with reckless indifference to human life. (*Lewis*, at p. 959.)

Senate Bill No.1437 also added section 1170.95 to the Penal Code. (Stats. 2018, ch. 1015, § 4.) In its original form, section 1170.95 allowed persons convicted of murder under the former law, but who could not be convicted of murder under the amended law, to petition the sentencing court to vacate their murder convictions and to be resentenced on any remaining convictions. (*People v. Montes* (2021) 71 Cal.App.5th 1001, 1005.)

Senate Bill No. 775 "clarifies" that "persons who were convicted of attempted murder or manslaughter under a theory of felony murder and the natural [and] probable consequences doctrine are permitted the same relief as those persons convicted of murder under the same theories." (Stats. 2021, ch. 551, § 1, subd. (a).) To this end, Senate Bill No. 775 amended section 1170.95, effective January 1, 2022, to provide: "A person convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, *attempted murder* under the natural and probable

5

consequences doctrine, or manslaughter may file a petition with the court that sentenced the petitioner to have the petitioner's murder, *attempted murder*, or manslaughter conviction vacated and to be resentenced on any remaining counts . . . ." (§ 1170.95, subd. (a), italics added; as amended by Stats. 2021, ch. 551, § 2, eff. Jan. 1, 2022.)

Neither defendant nor the People filed a supplemental brief after the California Supreme Court transferred the cause back to us for reconsideration in light of Senate Bill No. 775.

"[A] defendant generally is entitled to benefit from amendments that become effective while his case is on appeal." (*People v. Vieira* (2005) 35 Cal.4th 264, 305.) The trial court's order denying defendant's petition is not yet final and Senate Bill No. 775 has already taken effect. As such, the revisions set forth in Senate Bill No. 775 apply to his petition. (*Id*. at pp. 305-306; *People v. Nasalga* (1996) 12 Cal.4th 784, 789, fn. 5 [a criminal judgment is not final until the time for petitioning for a writ of certiorari in the United States Supreme Court has passed].) Thus, we will reverse the trial court's order and remand the matter for the court to reconsider defendant's petition. We express no opinion regarding whether defendant has established a prima facie case for relief.

## DISPOSITION

The order dismissing defendant's resentencing petition is reversed.  The matter is remanded for the trial court to conduct all proceedings required under section 1170.95.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS _____
                                                J.

We concur:

McKINSTER _____
          Acting P. J.

CODRINGTON _____
                    J.

7